UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN ROZAS

VERSUS

STATE OF LOUISIANA THROUGH
LOUISIANA WORKFORCE
COMMISSION, ET AL.

CIVIL ACTION

NO. 14-796-JJB-EWD

## RULING

This matter is before the Court on a Motion to Dismiss (Doc. 21) brought by the defendant, Curt Eysink ("Eysink"). The plaintiff, John Rozas ("Rozas"), filed an opposition (Doc. 24) and the defendant filed a reply brief (Doc. 27). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. For the reasons stated herein, the defendant's Motion to Dismiss (Doc. 21) is **GRANTED**.

**I.   BACKGROUND**

At all relevant times, the plaintiff was employed by the Louisiana Workforce Commission ("LWC") in the maintenance department and was under the direct supervision of David Landry ("Landry"). *Compl.* ¶ 5, Doc. 1. In 2012, the plaintiff received permission from the department manager to begin working a "flex schedule" because his wife required assistance after undergoing surgery. *Id.* at ¶ 6. According to the plaintiff, Landry "resented" the plaintiff's "special treatment" and, for that reason, assigned the plaintiff the task of changing ceiling lights and ballasts. *Id.* This task "resulted in frequent repetitive climbing, twisting, and bending." *Id.* In 2013, the plaintiff began experiencing "severe radiating pain in his back which made it difficult for him to walk and perform the assigned tasks." *Id.* at ¶ 7.

Landry subsequently rescinded the plaintiff's flex schedule and informed him that he needed to provide a release from work statement from a physician. *Id.* As the plaintiff's back pain

1

increased, his treating neurologist advised him to avoid climbing and lifting. *Id.* at ¶ 8. From March 7, 2013, until June of 2013, the plaintiff utilized all of his sick leave under the Family and Medical Leave Act ("FMLA"). *Id.* The plaintiff then submitted an Americans with Disabilities Act ("ADA") "accommodations/limitations request" on June 17, 2013, which Landry denied. *Id.* The plaintiff was terminated on June 28, 2013, in a letter which stated: "You have exhausted all available sick leave, as well as your entitlement to leave under the [FMLA]. Based upon the information provide[d] for my review, you have not been fully released by your physician to return to work to perform your customary job duties." *Id.*

On October 23, 2014, the plaintiff filed suit against the State of Louisiana, through the Louisiana Workforce Commission, alleging violations of Title I and Title V of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, for failure to provide accommodation and termination in retaliation for asserting his rights under the ADA. *Id.* at ¶ 11. The plaintiff also alleged state law violations. *Id.* at ¶ 13–15. On May 4, 2015, the plaintiff amended his complaint to add a defendant, Curt Eysink, in his official capacity as the Executive Director of the LWC. The amended complaint also alleged that the plaintiff was seeking declaratory and injunctive relief, as well as reinstatement to the position the plaintiff would have occupied but for the unlawful treatment. *First Am. Compl.*, Doc. 13.

On June 18, 2015, this Court dismissed the plaintiff's claims against the State of Louisiana, through the LWC, for lack of subject matter jurisdiction. *Ruling*, Doc. 14. The remaining defendant, Eysink, now brings the current motion requesting dismissal of the claims asserted against him for (1) lack of subject matter jurisdiction, under Federal Rule of Civil Procedure

2

12(b)(1); or (2) in the alternative, for failure to state a claim for which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6).[1]

## II. STANDARD OF REVIEW

Under Rule 12(b)(1), a party may challenge a court's subject matter jurisdiction at any time. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). The party asserting that the court has jurisdiction bears the burden of proving that the court may adjudicate the case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In determining whether the court has subject matter jurisdiction, it may look at the complaint alone, the complaint supplemented by undisputed facts in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* A 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *see also Ramming*, 281 F.3d at 161.

## III. DISCUSSION

The defendant argues that this court lacks subject matter jurisdiction because he is entitled to Eleventh Amendment sovereign immunity for the plaintiff's ADA claims asserted against him in his official capacity. *Def.'s Supp. Mem.*, Doc. 21-1. Specifically, the defendant argues that the *Ex parte Young* doctrine does not apply to this case because the defendant does not have the requisite "connection" to enforcement of the disputed act. *Id.* at 5–6. Additionally, the defendant argues that if the Court dismisses the plaintiff's ADA claims, then it should also decline to exercise supplemental jurisdiction over any cognizable state law claims. *Id.* at 1.

---

[1] Because the Court is granting the defendant's motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), this ruling will not address the applicability of Rule 12(b)(6).

A.      **Eleventh Amendment Immunity**

The Eleventh Amendment bars suits by private citizens against a non-consenting state in federal court. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Eleventh Amendment immunity applies not only to the state itself, but precludes actions against state officers sued in their official capacity. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Edelman v. Jordan*, 415 U.S. 651, 663–69 (1974). However, state sovereign immunity is not absolute; in this case there is one relevant exception—the exception established in *Ex parte Young*, 209 U.S. 123 (1908).[2]

In *Ex parte Young* the Supreme Court carved out an exception to Eleventh Amendment immunity. According to *Ex parte Young*, in certain circumstances state officers may be sued in their official capacity and a federal court "may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337 (1979). To determine whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011). However, for the exception to apply a plaintiff "must demonstrate that the state officer has 'some connection' with the enforcement of the disputed act." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Ex parte Young*, 209 U.S. at 157). In essence, *Ex parte Young* has three requirements: The suit must be (1) against a state

---

[2] Another exception, not at issue in this case, is congressional abrogation. Congress may abrogate sovereign immunity "if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power" under the Fourteenth and Fifteenth Amendments. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *City of Boerne v. Flores*, 521 U.S. 507, 518 (1997) (citing *South Carolina v. Katzenbach*, 383 U.S. 301, 308 (1966)). Congress has not properly abrogated the States' Eleventh Amendment immunity under Title I or Title V of the ADA. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (holding that the State retains its Eleventh Amendment immunity for suits brought under Title I of the ADA); *Demshki v. Monteith*, 255 F.3d 986, 988–89 (9th Cir. 2001) (holding that the Supreme Court's reasoning in *Garrett* applies to Title V of the ADA); *Worley v. Louisiana*, No. CIV.A. 10-3313, 2012 WL 218992, *4 (E.D. La. Jan. 25, 2012) (dismissing the plaintiff's claim for a violation of Title V of the ADA for lack of subject matter jurisdiction).

4

actor in their official capacity; (2) seeking prospective relief; and (3) the state actor must have some connection to enforcement of the disputed act.

At issue in this ruling is the third requirement—the requisite connection to enforcement of the disputed act.[3] "The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specifically created by the act itself, is not material so long as it exists." *Ex parte Young*, 209 U.S. at 157. If the state actor does not have some connection to the enforcement of the disputed act, then the "real, substantial party in interest" is the state; the Eleventh Amendment bars such suits. *Tate v. La. Dep't of Transp. & Dev.*, Civil Action No. 11-1212, 2013 WL 796015, *16 (E.D. La. Mar. 4, 2013) (quoting *Va. Office for Prot. & Advocacy*, 563 U.S. at 255); *see Ex parte Young*, 209 U.S. at 157 (stating that without the requisite connection, the plaintiff is "merely making [the defendant] a party as a representative of the state, and thereby attempting to make the state a party"). In *Okpalobi v. Foster*, the Fifth Circuit discussed the limited nature of the *Ex parte Young* exception:

> [T]he necessary fiction of *Young* requires that the defendant state official be acting, threatening to act, or at least have the ability to act. It is this unconstitutional conduct, or at least the ability to engage in the unconstitutional conduct, that makes him no longer a representative of the sovereign. Without at least the ability to

---

[3] The first and second requirement of *Ex parte Young* are not at issue. First, the plaintiff sued the defendant Eysink in his official capacity. *First Am. Compl.* ¶ 2, Doc. 13; *see Pl.'s Opp'n* 3, Doc. 24 (stating that Eysink was sued in his official capacity as the Executive Director of the LWC). Second, the parties agree that the Fifth Circuit classifies reinstatement as "prospective" relief for purposes of *Ex parte Young*. *Def.'s Supp. Mem.* 5, Doc. 21-1 (citing *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 324 (5th Cir. 2008)); *Pl.'s Opp'n* 3–4, Doc. 24 (citing *Warnock v. Pecos Cty.*, 88 F.3d 341 (5th Cir. 1996)). To the extent that the plaintiff asserts any claims against the defendant Eysink for monetary damages, such claims are barred by the Eleventh Amendment and therefore dismissed for lack of subject matter jurisdiction. *See Def.'s Supp. Mem.* 2–4, Doc. 21-1.

The Court notes that although the defendant's brief focused on the "connection" element of the *Ex parte Young* exception, *Def.'s Supp. Mem.* 4–6, Doc. 21-1, the plaintiff's opposition failed to address this argument. Instead, the plaintiff's opposition focused on the issue of prospective relief, which, as previously mentioned, the defendant did not contest. *Pl.'s Opp'n*, Doc. 27.

5

> commit the unconstitutional act by the official defendant, the fiction cannot be sustained.

244 F.3d 405, 421 (5th Cir. 2001) (citations omitted).

In *K.P. v. LeBlanc*, the Fifth Circuit held that the Patient's Compensation Fund Oversight Board ("the Board") had the requisite connection to the disputed act to fall within the *Ex parte Young* exception. 627 F.3d at 125. In that case, physicians sued Board members in their official capacity seeking to enjoin them from using a state statute (La. R.S. 9:2800.12), which would prevent the processing and paying of abortion-related claims. *Id.* at 119. Specifically, the court stated that the Board "took an active role in enforcing Section 9:2800.12" by determining whether a claim presented to it was statutorily excluded from coverage under the statute. *Id.* at 124–25. "The Board enforce[d] Section 9:2800.12 by applying its prohibitions." *Id.* at 125.

In this case, the plaintiff has not stated what connection, if any, Eysink has to the alleged unlawful firing of the plaintiff. Neither the original nor the amended complaint alleged who made the decision to terminate the plaintiff. If anything, the complaint implies that Landry, as the plaintiff's direct supervisor, was responsible for the plaintiff's termination. The amended complaint, which added Eysink as a defendant, does not allege what acts Eysink took that led to the alleged federal and state violations. Instead, it makes a general statement that the "acts and practices of the [LWC] and Mr. Curt Eysink" and the "unlawful employment practices of the [LWC] and Mr. Curt Eysink" are in violation of federal and state law. *First Am. Compl.* ¶ 3, 5, Doc. 13. Additionally, there is no allegation that Eysink, as the Executive Director, has the duty or authority to make hiring and firing decisions within the LWC's maintenance department.

Moreover, La. R.S. 36:304(B)(1)(a)(i) states that the Executive Director of the Louisiana Workforce Commission has the authority to hire/fire personnel within the *executive office* or other personnel who are *not assigned to an office*—there is no mention of authority to hire/fire personnel

within the maintenance department. Without such statutory authority, defendant Eysink does not have the ability to act in the alleged unlawful manner. Therefore, a suit against Eysink in his official capacity is barred by the Eleventh Amendment because the plaintiff has not shown that the Eysink has the requisite connection to the disputed act—i.e. that he has the authority or discretion to hire/fire personnel within the maintenance department at the Louisiana Workforce Commission.

### B.     Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. The general rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

In this case, the Court has dismissed all federal claims for lack of subject matter jurisdiction and, therefore, utilizes its discretion to decline to exercise supplemental jurisdiction over the plaintiff's state law claims. The Court notes that the plaintiff's brief provided no argument for why the Court should exercise supplemental jurisdiction if the federal claims were dismissed. *See Pl.'s Opp'n*, Doc. 24. Without a persuasive reason to the contrary, the Court will follow the general rule within the Fifth Circuit and dismiss the remaining state law claims.

## IV.  CONCLUSION

For the reasons stated above, all of the plaintiff's claims, including the claims for monetary damages and declaratory/injunctive relief, are barred by the Eleventh Amendment. Additionally, the Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims. Therefore, the defendant's Motion to Dismiss (Doc. 21) is **GRANTED.**

Signed in Baton Rouge, Louisiana, on March 28, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**